# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KEITH A. MCMINN,

     Appellant,

     v.

DEPARTMENT OF
   TRANSPORTATION,

     Agency.

DOCKET NUMBER
DA-1221-15-0001-W-1

DATE: October 27, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jon Velie, Esquire, Norman, Oklahoma, for the appellant.

Paul Sanchez, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in connection with his individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    At all times during the matters at issue in this appeal, the appellant was a GS-14 Air Safety Investigator with the agency's Transportation Safety Institute (TSI). Initial Appeal File (IAF), Tab 1 at 1.[2] On May 13, 2014, he filed a whistleblowing complaint with the Office of Special Counsel (OSC). Therein he alleged that C.L., his "Division Manager/Director/Senior Leader," acting in her role as a selection panel member, failed to recommend him for a Supervisory Transportation Specialist position for which he had applied and that she also lowered his performance appraisal. The appellant claimed that C.L. took these actions because: (1) he disclosed to his second-level supervisor that she had created a hostile work environment and engaged in bullying, sex and age discrimination, gross mismanagement, gross waste of funds, an abuse of authority, and a violation of law, rule, or regulation; and (2) he assisted with and

[2] The appellant has since retired. Hearing Transcript (HT) Volume (Vol.) I at 4 (statement of the administrative judge).

supported a coworker's equal employment opportunity (EEO) complaint.  IAF, Tab 1 at 34-60.  On July 31, 2014, OSC issued the appellant a close-out letter advising him of his right to appeal to the Board.  *Id.* at 94-95.  On appeal, the appellant repeated his claims and requested a hearing.  IAF, Tab 1.

¶3    Thereafter, the administrative judge issued an initial decision in which she first found, based on his written submissions, that the appellant had established the Board's jurisdiction over his appeal.  IAF, Tab 45, Initial Decision (ID) at 5.  Specifically, she found that he nonfrivolously alleged that at least one of the matters he reported in his OSC complaint was whistleblowing activity that a reasonable person in his position would have believed evidenced protected activity as defined in 5 U.S.C. § 2302(b)(8) or (9)[3] and that he also nonfrivolously alleged that the whistleblowing activity was a contributing factor in at least one personnel action.  ID at 5.

¶4    The administrative judge then found that the appellant established that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(B) when he assisted and supported a coworker in filing an EEO complaint, ID at 7-8, and under 5 U.S.C. § 2302(b)(8) when he made certain disclosures regarding C.L. that: (1) she committed contracting violations, ID at 8-10; (2) she used split disbursements to avoid generating purchase requests, ID at 10; (3) she committed time and attendance irregularities by favoring some employees over others, ID at 11-2; and (4) she violated purchase rules regarding paying for a mural for the office break room, ID at 12-13.[4]  The administrative judge also found that the

---

[3] Claims of prohibited personnel practices set forth at 5 U.S.C. § 2302(b)(9) that are covered by the Whistleblower Protection Enhancement Act are those found at subsections (A)(i), (B), (C), and (D).

[4] The administrative judge found that the appellant did not establish that other disclosures he made were protected, specifically, that C.L. directed employees to go outside of MyGovTrip to find cheaper airfare while traveling on official business, ID at 10; that she created a hostile work environment and engaged in harassment and bullying, ID at 14-15; and that she made other questionable purchases for the office, ID at 15-16.

appellant established that he was affected by a personnel action under 5 U.S.C. § 2302(a)(2)(A) when he was not selected for the Supervisory Transportation Specialist position.[5] ID at 16-17. Notwithstanding C.L.'s contrary testimony, the administrative judge further found that the appellant established that, based on C.L.'s management duties and the TSI survey,[6] of which she was aware, it was likely that she had knowledge of his disclosures and that, given the short amount of time between them and her serving as a member on the selection panel, the appellant established that his disclosures were a contributing factor in the panel's failure to refer his name to the selecting official and in the appellant's ultimate nonselection. ID at 18-19. The administrative judge found that the appellant also established that the selecting official had actual knowledge of the appellant's involvement in his coworker's EEO complaint, ID at 19-20, and knowledge of the appellant's disclosures regarding C.L.'s contracts, purchase card abuse, and travel policy deviations, ID at 20, and that, given the short amount of time between the appellant's protected activity and disclosures and his nonselection, the activity and disclosures were contributing factors in the nonselection, ID at 20-21.

¶5 The administrative judge found, however, that the agency showed by clear and convincing evidence that it would have taken the same action absent the appellant's protected activity and disclosures. ID at 23-27. Accordingly, the administrative judge denied the appellant's request for corrective action. ID at 1, 27.

---

[5] The administrative judge found that the appellant did not establish that his performance appraisal was lowered. ID at 17.

[6] In response to issues raised related to the TSI work environment, the agency arranged for an anonymous climate assessment survey to be conducted in July and August 2013 to address the areas of concern and to assist in developing solutions. IAF, Tab 1 at 21-22.

¶6      The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 3, and the agency has submitted a response in opposition, PFR File, Tab 14, to which the appellant has replied,[7] PFR File, Tab 15.

## ANALYSIS

¶7      The appellant's petition for review centers on his disagreement with the administrative judge's finding that the agency proved by clear and convincing evidence that the appellant would not have been selected for the Supervisory Transportation Specialist position, even absent his protected disclosures and activity.[8]  PFR File, Tab 3 at 5-25.

¶8      In determining whether the agency has met this burden, the Board will consider the following factors (*Carr* factors):  (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of agency officials involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not

---

[7] With his reply, the appellant submitted two sets of documents that were not a part of the record below.  PFR File, Tab 15 at 17-25, 27-30.  The Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  Because the evidence is not new, and because the appellant has not shown that unexplained "delays in procurement" of some of the evidence, PFR File, Tab 15 at 6, demonstrates due diligence on his part, we have not considered the documents.

The appellant also filed a motion for leave to file an additional pleading regarding two decisions issued by the Equal Employment Opportunity Commission (EEOC) addressing his discrimination complaint against the agency.  PFR File, Tab 16; *see* 5 C.F.R. § 1201.114(a)(5).  The agency has opposed the appellant's motion.  PFR File, Tab 18.  The decisions of the EEOC regarding the appellant's discrimination claims do not directly address the issues before the Board in this IRA appeal, and the decisions themselves do not constitute evidence.  We therefore deny the appellant's motion for leave to file the additional pleading.

[8] The appellant does not challenge the administrative judge's findings that certain of his disclosures were not protected, ID at 10, 14-16, and that he did not establish that the agency actually lowered his performance appraisal, ID at 17.  We discern no basis upon which to disturb those findings.

whistleblowers, but who are otherwise similarly situated. *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 11; *see Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but rather, the Board will weigh the factors together to determine whether the evidence is clear and convincing as a whole. *Phillips v. Department of Transportation*, 113 M.S.P.R. 73, ¶ 11 (2010). We also have adopted the reasoning of the U.S. Court of Appeals for the Federal Circuit that "[e]vidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion." *Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 27 (2015) (quoting *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012)).[9]

¶9     Regarding *Carr* factor (1), the administrative judge carefully reviewed the testimony of the selecting official for the Supervisory Transportation Specialist position, including that he chose the panel members because of the skills they possessed. ID at 22-23; Hearing Transcript (HT) Volume (Vol.) I at 60-63 (testimony of the selecting official). The panel consisted of a designated Chairman who was a part of TSI but not a member of the Aviation Division, a Human Resources (HR) Director, and two technical experts, a Program Manager from another division who previously worked in the Aviation Division and C.L. The administrative judge also considered the panel members' testimony that, as a group, they referred to the vacancy announcement and the position description to

---

[9] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on this issue. However, as a result of changes initiated by the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, which was extended for 3 years in the All Circuit Review Extension Act, Pub. L. No. 113-70, 128 Stat. 1894, and eventually made permanent in the All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510, appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction. *See* 5 U.S.C. § 7703(b)(1)(B).

develop screening criteria against which they scored the candidates' résumés and that they then developed questions they used to interview and individually score the top 10 candidates, arriving at an overall score for each of them and then forwarding the top two candidates, neither of whom was the appellant, to the selecting official. ID at 23-24; HT Vol. I at 147-48 (testimony of C.L.); HT Vol. I at 200-02 (testimony of the panel Chairman); HT Vol. I at 226-27 (testimony of the other technical expert); and HT Vol. I at 266-69 (testimony of the HR Director). The administrative judge also considered the interview notes made by the panel members, IAF, Tab 25, Subtab 8, specifically, how those notes supported the scores awarded the interviewees. Further, the administrative judge considered the panel members' testimony that, while the selectee had less experience in certain technical areas than the appellant, they also were looking for supervisory and communication skills, consistent with the vacancy announcement, IAF, Tab 25, Exhibits 1 and 2, but that, unlike the selectee, the appellant did not answer certain related questions during the interview clearly and concisely. ID at 23; HT Vol. I at 181 (testimony of C.L.); HT Vol. I at 231 (testimony of the other technical expert); HT Vol. I at 272 (testimony of the HR Director); HT Vol. I at 207 (testimony of the panel Chairman). The administrative judge found that the panel members testified in a straightforward and consistent manner that the appellant's performance during the interview, as supported by the scores he received, was the reason his name was not passed along to the selecting official and that the panel members testified credibly that they did not know about the appellant's protected disclosures. ID at 25.

¶10      In reaching these findings, the administrative judge considered the appellant's claims that the selecting official should not have put C.L. on the panel because he had made protected disclosures concerning her but found credible the selecting official's explanation that C.L. had the technical expertise and experience in the aviation division that he felt were important to the make-up of the panel. ID at 22, 26. The administrative judge further found that,

notwithstanding the appellant's significant years of experience, the panel's reasons for not sending his name forward to the selecting official, as supported by their scoring sheets, were legitimate. ID at 26.

¶11    Regarding *Carr* factor (2), the administrative judge considered that only C.L. had a motive to retaliate against the appellant because she was the only one against whom allegations were made. ID at 25. The administrative judge found, however, that the panel members testified in a straightforward and consistent manner that they were not improperly influenced by her when assessing the candidates and that she never demonstrated any animosity towards the appellant. ID at 25; HT Vol. I at 237 (testimony of the other technical expert); HT Vol. I at 282 (testimony of the HR Director); HT Vol. I at 212 (testimony of the panel Chairman). The administrative judge considered whether the selecting official allowed C.L. to improperly influence the recommendation or his ultimate selection but found that his testimony concerning the selection process was credible and that he had little, if any, motive to retaliate against the appellant for his whistleblowing activity since the selecting official was not implicated by the disclosures. The administrative judge further found that the selecting official was a new member of management for TSI[10] and that it was unlikely he believed that he would be held accountable for issues that occurred and conditions that existed prior to his arrival. ID at 26.

¶12    Regarding *Carr* factor (3), the administrative judge found no evidence that the agency failed to take similar actions against employees who were not whistleblowers but who are otherwise similarly situated. The administrative judge further found that, notwithstanding that the appellant had more years of experience in certain areas, the agency's explained reasons for not selecting him

---

[10] The selecting official was named as the TSI Director in February 2014, HT Vol. I at 11 (testimony of the selecting official), and the selection in question occurred in April 2014.

were legitimate, ID at 26, and that, based on the *Carr* factors, the agency's decision was supported by clear and convincing evidence, ID at 26-27.

¶13    On review, the appellant argues that the administrative judge failed to find that the selecting official's appointment of C.L. to the panel violated 5 U.S.C. § 2302(b)(9), and therefore was a per se violation of the agency's Merit Promotion Plan, and that his authorization for C.L. and the panel to define the scope or manner of competition so as to injure the appellant's employment prospects violated 5 U.S.C. § 2302(b)(6), and therefore also was a per se violation of the agency's Merit Promotion Plan.  PFR File, Tab 3 at 5-6.  Whether the appointment of C.L. to the panel violated the agency's plan, and whether the panel's defining the scope of competition for the position in question violated 5 U.S.C. § 2302(b)(6) or the agency's plan, were not among the issues in dispute in this case and therefore were considered to be precluded, as evidenced by the administrative judge's prehearing conference summary.  IAF, Tab 31 at 2.  Because the appellant failed to object to the administrative judge's ruling in this regard, this issue is not properly before the Board.  *Crowe v. Small Business Administration*, 53 M.S.P.R. 631, 635 (1992).

¶14    On review, the appellant argues that the selecting official assigned C.L. to the panel, even though he knew the appellant had lodged complaints against her, and that she tainted the panel's deliberations.  PFR File, Tab 3 at 6-7, 11.  As noted, the administrative judge considered that C.L. had a motive to retaliate against the appellant but found credible the other three panel members' testimony that C.L. did not influence them.  ID at 25.  The Board defers to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing, overturning such determinations only when it has sufficiently sound reasons for doing so.  *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).  The appellant contends that, although two of the panel members testified that they independently scored the candidates, the HR Director contradicted that testimony.

PFR File, Tab 3 at 6. The administrative judge recounted the HR Director's testimony that panel members compared the scores they had given to ensure that one member's scores were not completely out of line with the scores of the others, that the panel wanted consistent scores but that equal scores were not required and that, if they learned that they had not "captured" something during a candidate's interview, members could, but did not necessarily, change their scores after the discussions. ID at 23; HT Vol. I at 279-81, 287 (testimony of the HR Director). Nonetheless, as the administrative judge found that the HR Director testified consistent with the other panel members, C.L. did not attempt to improperly influence the process in any way and did not say anything inappropriate about the appellant. ID at 23-24; HT Vol. I at 282 (testimony of the HR Director). The fact that the panel members' scoring sheets were similar does not, as the appellant argues, suggest that C.L. controlled the panel's deliberations, PFR File, Tab 3 at 6, 14-15, particularly given the clear, objective scoring criteria developed by the panel, IAF, Tab 25, Subtab 8 at 1-4. Under the circumstances, we find that the appellant has not provided sufficiently sound reasons for overturning the administrative judge's credibility determinations which were based on her observations of the witnesses' demeanor, and we therefore find it appropriate to defer to those determinations.

¶15    In challenging the administrative judge's findings regarding *Carr* factor (1), the appellant argues that his qualifications are superior to the selectee's, that certain of the selectee's experiences should not have been considered, and that the panel members should not have marked the appellant down for the manner in which he provided his answers to the interview questions. He suggests that two of the panel members lacked the technical expertise to properly score his résumé, and he disputes the way the panel scored the candidates' experience. PFR File, Tab 3 at 11-16. These claims go to the merits of the selection action, and the appellant's clear belief that he is the best qualified candidate and should have been selected. However, in IRA appeals where the action at issue is not

otherwise appealable to the Board, as in the instant case, the Board lacks the authority to adjudicate the merits of the underlying action and can only adjudicate the whistleblowing allegations. *See Marren v. Department of Justice*, 51 M.S.P.R. 632, 639 (1991), *aff'd*, 980 F.2d 745 (Fed. Cir. 1992) (Table), *and modified on other grounds by Robinson v. U.S. Postal Service*, 63 M.S.P.R. 307, 323 n.13 (1994). Therefore, the Board cannot independently review the appellant's or the other candidates' qualifications and determine on its own whether the best qualified candidate was selected.

¶16     In challenging the administrative judge's findings regarding *Carr* factor (2), the appellant points to evidence, not considered by the administrative judge, tending to show that C.L. bore ill will towards the appellant.[11] PFR File, Tab 3 at 18. The administrative judge's failure to mention this evidence, however, does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). In any event, she clearly found that C.L. had a motive to retaliate against the appellant, ID at 25, even though the administrative judge ultimately found that C.L. did not interfere with the selection process or exert influence over the evaluations of the other panel members, ID at 26. The appellant also argues that the selecting official did have a motive to retaliate because, even though he was a new manager and was not implicated by the appellant's protected disclosures and activity, hiring a "known whistleblower" would have hurt his career. PFR File, Tab 3 at 17-18. The Board has held that an appellant's criticisms cast the agency, and by implication all responsible officials, in a highly critical light by calling into question the propriety and honesty of their official conduct and that, therefore, even when a senior manager is not directly implicated or harmed by protected disclosures, an

---

[11] For example, the selectee testified that C.L. told him that "the three amigos must go," apparently referring to the appellant and two coworkers who also had issues with her management style. HT Vol. II at 316 (testimony of the selectee).

appellant's criticisms can reflect on the manager in his capacity as such and may be sufficient to establish a substantial retaliatory motive. *Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 33 (2013); *see also Whitmore*, 680 F.3d at 1370-71.[12] Here, however, the selecting official was not a responsible official because, as the administrative judge found, he was not a member of TSI management when the matters which formed the basis for the appellant's protected disclosures occurred. In any event, to the extent the selecting official may have harbored retaliatory animus against the appellant because of possible concerns that the conduct that he disclosed reflected badly on TSI or the agency, we find that any such motive was slight. *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶ 65 (addressing the second *Carr* factor to find that the appellant's disclosures generally put higher-level management officials in a critical light by disclosing problems for which they were responsible); *Smith v. Department of the Army*, 2022 MSPB 4, ¶¶ 28-29 (addressing the second *Carr* factor to find that the misconduct the appellant disclosed was egregious and generated negative publicity, thereby reflecting poorly on the agency's general institutional interests).

¶17 In challenging the administrative judge's findings regarding *Carr* factor (3), the appellant argues that two other candidates who were whistleblowers also were not selected, and he contends that the panel did not properly credit their experience. PFR File, Tab 3 at 22. The test, however, as established by the court in *Carr*, is whether there is any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr*, 185 F.3d at 1323. To the extent evidence on *Carr* factor (3) exists, the agency is required to come forward with all reasonably pertinent evidence; the failure to do so may be at the agency's peril. *Smith*, 2022 MSPB 4, ¶ 30; *see also Whitmore*, 680 F.3d at 1374. Absent relevant comparator evidence,

---

[12] We are aware of no other circuit courts which have considered this issue.

*Carr* factor (3) cannot weigh in favor of the Government.  *Soto*, 2022 MSPB 6 ¶ 18; *see also Siler v. Environmental Protection Agency*, 908 F.3d 1291, 1299 (Fed. Cir. 2018).  The administrative judge here found that there was no comparator evidence, and as such, we cannot find on this record that *Carr* factor (3) favors the agency.

¶18      In sum, weighing the *Carr* factors together, we agree with the administrative judge's finding that the agency proved by clear and convincing evidence that it would not have selected the appellant for the position in question, even absent his protected disclosures and activity.[13]

## NOTICE OF APPEAL RIGHTS[14]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[13] In so finding, we note that the administrative judge did not prevent the appellant from effectively presenting his whistleblowing claim, and her thorough initial decision shows that she closely listened to the testimony of witnesses from both sides, including those who bolstered the appellant's whistleblowing claim.

[14] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[15]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[15] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                              /s/ for
                                            _____
                                            Jennifer Everling
                                            Acting Clerk of the Board
Washington, D.C.